UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA                      :

             - v -                                          :          13 Cr. 009 (RJS)

**CHRISTIAN GRIFFIN,**                           :

             Defendant.                           :

------------------------------------------------------------X


## SENTENCING MEMORANDUM


DAVID E. PATTON, ESQ.
Federal Defenders of New York, Inc.
Attorney for Defendant
  **Christian Griffin**
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8722

**JENNIFER L. BROWN, ESQ.**

    <u>Of Counsel</u>

TO:   **PRETT BHARARA, ESQ.**
       United States Attorney
       Southern District of New York
       One. St. Andrew's Plaza
       New York, New York 10007
       Attn:  **AMY GARZON, ESQ.**
             Assistant United States Attorneys

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

April 25, 2013

**BY HAND**

Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

    Re: **United States v. Christian Griffin**
         13 Cr. 009 (RJS)

Dear Judge Sullivan:

    Mr. Griffin is a thirty-four year-old father of two daughters whose life, prior to November 22, 2012, was headed in the right direction in many respects. Mr. Griffin, despite a record of prior felony offenses from the 1990s, had turned a corner. He had finally moved out of his mother's home to his own apartment. He was in a committed loving relationship with a good woman. He was actively raising and had a strong bond with both of his children. He had enrolled in a culinary training program at Star Career Academy. Regrettably, knowing that he was not permitted to have a firearm for any reason, he reacted to the danger he felt in his South Bronx neighborhood by possessing a firearm. Mr. Griffin has expressed his profound remorse in a letter to the Court: "I know I made a huge mistake. But I'm not a bad person but made wrong choices. My days with firearms are over and done with!" See Exhibit A.

    The guidelines range for this offense is in Zone C, which may be satisfied by a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment, pursuant to §5C1.1(d). (PSR, ¶82). For the reasons set forth more fully below, I ask the Court to impose a sentence of six months in prison and six months of home-detention, the bottom of the applicable guidelines range.

Honorable Richard J. Sullivan  　　　　　　　　April 25, 2013
United States District Judge  　　　　　　　　　Page 2
Southern District of New York

Re: <u>United States v. Christian Griffin</u>
13 Cr. 009 (RJS)

**Guidelines Range**

The probation department has calculated that the offense level is twelve and Mr. Griffin is criminal history category II, with a corresponding guidelines range of twelve to eighteen months. (PSR, ¶81). The probation department recommends a sentence at the bottom of the guidelines range of twelve months and one day. Mr. Griffin also seeks a sentence at the bottom of the guidelines range.

**A sentence at the bottom of the guidelines range is "sufficient but not greater than necessary" in this case.**

Mr. Griffin was born in Harlem Hospital on January 26, 1978. (PSR, ¶41). He was raised by his mother in the Patterson Houses projects in the Mott Haven section of the South Bronx. (PSR, ¶44). Mr. Griffin grew up in poverty, in what he described as a "rough neighborhood" where violence was commonplace. Id; see also Exhibit B, Rivoli and Patrick Wall, "Woman's Body Found on Mott Haven Rooftop." While his father was initially involved in Mr. Griffin's life, his father abandoned him at age thirteen, when he was just starting adolescence. (PSR, ¶¶41, 46). Mr. Griffin has had no contact of any kind with his father for more than twenty years. Id.

After his father abandoned him, Mr. Griffin lost interest in school and fell under the influence of peers in his "rough" neighborhood. When he was nineteen and twenty years old, in 1997 and 1998, Mr. Griffin was convicted of two felony offenses, including attempted possession of a weapon in the third degree. (PSR, ¶¶28-30).

Mr. Griffin got his GED while in state custody. (PSR, ¶66). Prior to his arrest in this case, since his release from custody for those offenses committed fifteen and sixteen years ago, Mr. Griffin has had only two minor offenses related to his possession of small amounts of drugs. Neither offense resulted in a sentence of imprisonment beyond the time spent awaiting arraignment. (PSR, ¶¶34-36).

In the past sixteen years, Mr. Griffin has fathered two children, with whom he maintains a close and loving relationship. His daughter ▅▅▅ is sixteen; ▅▅▅ is four. (PSR, ¶50); see

Honorable Richard J. Sullivan  April 25, 2013
United States District Judge  Page 3
Southern District of New York

**Re: <u>United States v. Christian Griffin</u>**
**13 Cr. 009 (RJS)**

Exhibit C, photo of ▓▓▓ and ▓▓▓. ▓▓▓ has written to the Court to express how much she misses her father: "I miss talk about school, and my grades. I miss when I had problems with my algebra homework, and he use to help me; because he is good at math. Now that I'm getting older, I really need him in my life more." See Exhibit D, Letter of ▓▓▓ Griffin.

As set forth in the presentence report, four year-old ▓▓▓ "adores" her father and has been struggling while he has been incarcerated. (PSR, ¶52). According to ▓▓▓'s mother, ▓▓▓ has been acting up at daycare during the past several months. In one instance, ▓▓▓ "asked a teacher to call her dad (Griffin), and when the teacher said she couldn't, she (their daughter) went ballistic and bit a girl." Id. Because of her behavioral problems, Mikayla is in the process of being evaluated so that her counseling needs can be addressed. Id. ▓▓▓'s mother, Zena Castro, told the probation officer that she hopes for an alternative to incarceration for Mr. Griffin, for their "daughter's sake." Id.

Mr. Griffin has been in a committed, healthy intimate relationship with Monique McMillion for the past two and one-half years and is engaged to be married. See Exibit E, Letter of Monique McMillion. Ms. McMillion, who has a college degree and worked for thirteen years as Director of Stores at Kate's Paperie, has been a positive influence on Mr. Griffin. During the time they have been together, Mr. Griffin moved out of his mother's home into his own apartment and enrolled in Star Academy to study culinary arts. Id; (PSR, ¶¶48-49, 54, 64).

Mr. Griffin has matured a great deal from the confused and aimless teenager he was when he was convicted of his offenses in 1997 and 1998. He has become a responsible father to ▓▓▓ and ▓▓▓ a good partner to Ms. McMillion, and someone who was actively working toward achievable goals in both the short and long term.

Mr. Griffin did not possess a firearm in November 2012 for the purpose of hurting anyone or committing other crimes. Rather, he possessed the firearm for his own protection in the dangerous area where he was living. It is relevant when considering the "nature and circumstances of the offense," that Mr. Griffin was arrested for this offense, not in the middle of

Honorable Richard J. Sullivan　　　　　　　　　　April 25, 2013
United States District Judge　　　　　　　　　　　Page 4
Southern District of New York

Re: <u>United States v. Christian Griffin</u>
13 Cr. 009 (RJS)

the street or because he was using the firearm, but in the hallway outside the door of his own apartment. (PSR, ¶7c). It is also relevant that Mr. Griffin was at no time found to be on the third floor and was at no time found to be the disorderly male who had caused the residents of apartment 3B to call the police. (PSR, ¶7a). Mr. Griffin immediately admitted his offense when arrested: he told the officers at the time of his arrest that he possessed the gun because he felt unsafe in the dangerous neighborhood where he lived. (PSR, ¶7e).

Mr. Griffin is deeply remorseful about his decision to possess a firearm illegally. He filed no motions in this case and pleaded guilty only a month after being brought to federal court. Mr. Griffin is disappointed in himself and how he has let down the people who need him.

In her letter to the Court, Mr. Griffin's mother expresses both her disappointment and her support for her son: "I don't condone [sic] what he had done but I do know that he would had done no harm or body harm to anybody. I got on him about that and I was very upset. Because I don't like Guns don't have them around me. I am a Christian woman. . . When I went to go see him in jail He was crying for what he had done and sorry; I had not seen my son break down like that for the mistake he had done. I know for what he is going through Now that he would never carry a fire arm again. . ." Exhibit F. Cordelia Griffin asks for leniency on her son's behalf: ". . .please have mercy on my son when you sentence him Because I know this will not happen again yes he should not Had it and he was wrong for that and I Did not appreciate of that. But can you please give him a chance." <u>Id</u>.

This offense is no doubt a setback, but Mr. Griffin remains committed to the goals he has set: to find employment, remain law-abiding, and to be an active father and supportive husband. Ms. Veronica Jones and Edward Mack Griffin, Mr. Griffin's long-time family friend and his closest cousin, have both written to the Court about Mr. Griffin's plans for the future: "Christian has told me he is extremely embarrassed about his behavior and is apologetic. When he's released he plans to go back to school and prepare for employment. . .My brother is the owner of a messenger company. He is willing to offer him an interview for employment. . .something to keep him busy while working his way to the top." <u>See</u> Exhibit G, Letter of Veronica Jones.

Honorable Richard J. Sullivan  April 25, 2013
United States District Judge  Page 5
Southern District of New York

<u>Re:**United States v. Christian Griffin**</u>
**13 Cr. 009 (RJS)**

In his letter, Mr. Mack Griffin writes, "Christian Griffin is a good person to be around and he is very responsible and caring. Christian wants good things in his life we spoke about him getting a Job where i work at and him staying away from trouble." <u>See</u> Exhibit H, Letter of Edward Mack Griffin.

Attached to this submission is an outpouring of support for Mr. Griffin from his friends, neighbors and family. <u>See</u> Exhibits I-M. It is clear from reading all of the letters that this offense does not represent a return to the troubled youth Mr. Griffin was in 1998, but rather a misstep and an aberration for a man who is "caring," "loving," considerate and "intelligent." Mr. Griffin knows he is better man than this offense shows him to be.

As the probation officer noted in her recommendation for a sentence at the bottom of the guidelines range, Mr. Griffin will benefit, upon his release from custody, from the strong support of his family and friends.

## Conclusion

A sentence at the bottom of the guidelines range is appropriate in this case. A sentence of six months in jail followed by six months of home detention is a significant period of incarceration which reflects the seriousness of the offense, provides deterrence and just punishment, while also taking into consideration the circumstances surrounding Mr. Griffin's possession of the firearm, the staleness of his prior felony convictions, the need to avoid unwarranted sentencing disparities, and the needs of Mr. Griffin's children. Such a sentence is "sufficient but not greater than necessary" to satisfy all of the purposes of sentencing.

Respectfully submitted,

JENNIFER L. BROWN
Attorney-in-Charge
Tel: (212) 417-8722

cc: Amy Garzon, Esq.
    Assistant United States Attorney
    Christian Griffin, MCC